1  Thomas M. Robins III (State Bar No. 054423)
     trobins@frandzel.com
2  Tricia L. Legittino (State Bar No. 254311)
     tlegittino@frandzel.com
3  FRANDZEL ROBINS BLOOM & CSATO, L.C.
   6500 Wilshire Boulevard
4  Seventeenth Floor
   Los Angeles, California 90048-4920
5  Telephone: (323) 852-1000
   Facsimile: (323) 651-2577
6

7  Attorneys for Defendant,
   Citibank, N.A.
8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11

12  JENNIFER KAPLAN,                          CASE No. 2:14-cv-08875 ODW (PLAx)

13                Plaintiff,
                                              **NOTICE OF MOTION AND
14  v.                                        MOTION OF DEFENDANT,
                                              CITIBANK, N.A. TO DISMISS
15  CAPITAL ONE BANK (USA), N.A.;             COMPLAINT; MEMORANDUM
    EQUIFAX INFORMATION                       OF POINTS AND AUTHORITIES**
16  SERVICES, LLC; EXPERIAN
    INFORMATION SOLUTIONS, INC.;
17  TRANSUNION LLC; HERBERT P.                Hearing Date: February 23, 2015
    SEARS CO., INC.; CITIBANK, N.A.;          Time:         1:30 p.m.
18  GE CAPITAL RETAIL BANK; BFS               Ctrm:         11
    SERVICES LLC; AMERICAN
19  EXPRESS CENTURION BANK;
    SPRINGLEAF FINANCIAL
20  SERVICES, INC.; AND S.O.S.
    LOANS, INC.,
21
                                              **Complaint Filed: 11/14/14**
22                Defendants.

23

24

25

26

27

28

1688474.1 | 019930-0490

NOTICE OF MOTION AND MOTION OF DEFENDANT, CITIBANK, N.A. TO DISMISS COMPLAINT;
MEMORANDUM OF POINTS AND AUTHORITIES

TO ALL PARTIES AND TO THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on February 23, 2015 at 1:30 p.m. or as soon thereafter as counsel can be heard, in Courtroom 11, of the above entitled court, Defendant, Citibank, N.A., will move for an order dismissing the complaint.

The motion will be based upon Fed.R.Civ.Pro. 12(b)(6) and on the basis that the complaint, and each purported cause of action therein contained, fails to state facts sufficient to constitute a claim for relief against Citibank.

Said motion will be based upon this notice, the memorandum of points and authorities, all pleadings, documents and records on file in this action and such other oral or documentary materials as may be introduced at the hearing of this motion.

*This motion is made following a conference of counsel pursuant to L.R. 7-3 which was held January 16, 2015 by telephone.*

DATED:  January 23, 2015            FRANDZEL ROBINS BLOOM
                                    &  CSATO, L.C.
                                    THOMAS M. ROBINS III
                                    TRICIA L. LEGITTINO


                                    By:  */s/ Thomas M. Robins III*
                                    _____
                                    THOMAS M. ROBINS III
                                    Attorneys for Defendant,
                                    Citibank, N.A.

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant, Citibank, N.A., respectfully submits the following memorandum of points and authorities in support of its motion to dismiss the complaint.

## I. INTRODUCTION

### A. Overview.

This is an action by Plaintiff to recover damages for alleged violation of the federal and state Fair Debt Collection Practices Acts and Fair Credit Reporting Acts against various credit reporting agencies and institutions or persons who allegedly provided credit to Plaintiff as a result of her identity having been stolen back in early 1999, and then improperly reported such credit to the credit reporting agencies. In a one-size-fits-all complaint, Plaintiff's assert blanket allegations against all defendants, without specifying who did what, the alleged obligations or other reports of which she complains, or when any of the supposedly wrongful conduct of any of the defendants occurred.

While Plaintiff's counsel has stated during the L.R. 7-3 conference that he intends to amend the complaint, he is not intending to do so until after the March 9, 2015 scheduling conference. Since Citibank has no notice from the face of the complaint of what Plaintiff claims it did or did not do, it brings this motion to compel Plaintiff to comply with basic and fundamental pleading requirements in Federal Court.

### B. Factual Allegations.

Plaintiff alleges that Citibank and other financial institutions alleged in the complaint are furnishers of information as contemplated by the Fair Credit Reporting Act, 15 U.S.C. § 1681s – 2(a) & (b) who regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experience with any consumer. (Complaint ¶ 26.) The defendant financial institutions regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b)

and are "debt collectors" as defined by Cal. Civ. Code § 1788.2(c). (¶ 27.)

In 1999, Plaintiff's purse was stolen, which contained her driver's license, credit and debit cards, social security card and checkbooks. (¶ 34.) Unbeknownst to Plaintiff, the thief used Plaintiff's identity without her permission to open various lines of credit and emptied Plaintiff's bank accounts. (¶ 35.) Plaintiff reported the incident to the Austin, Texas Police Department and warned "Plaintiff's bank" of the fraudulent activity. (¶ 36.) Despite Plaintiff's proactive activity, Plaintiff did not identify all instances of fraud. Thus, a warrant was issued for Plaintiff's arrest due to fraudulent checks and other illegal conduct of the person who stole her identity. (¶ 37.) In February 1999 Plaintiff was arrested pursuant to the warrant and she spend the night in jail. As a result of that arrest, Plaintiff had to take a check writing class. (¶¶ 38, 39.)

Plaintiff has utilized the services of various attorneys and credit repair companies in an attempt to remedy the identity theft that occurred approximately 15 years ago. Plaintiff has been permitted by the County of Los Angeles to change her social security and driver's license numbers (¶ 40.) Despite years of fighting, Plaintiff still suffers from harassing collection efforts by "defendants," through telephone calls, demeaning collection letters, and "horrible credit" due to debts she never incurred. (¶ 41.)

Prior to filing this action, Plaintiff repeatedly informed each of the defendants that the accounts defendants were attempting to collect upon were all fraudulently obtained by an unknown third party. Plaintiff provided an abundance of documentation to establish the accounts were fraudulent. (¶¶ 43-44.) Additionally, Plaintiff informed credit bureaus of the change in her social security number but she is still reported under the old social security number which has a number of fraudulent accounts associated with it. (¶ 45.)

In August 2013, credit bureaus again received Plaintiff's dispute information which included a written communication describing Plaintiff's ordeal as well as a

police report and other supporting documents. (¶ 46.) Despite receipt of this information, "defendants" verified the fraudulent accounts and continued to report said accounts to the credit bureaus. (¶ 47.)

By such conduct, "defendants" violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations in connection with Plaintiff's alleged debt. That statute is incorporated by reference into the Rosenthal Fair Debt Collection Practices Act contained in Cal. Civ. Code § 1788.17 and thus "defendants" violated that section as well. (¶ 48.) "Defendants" also violated 15 U.S.C. § 1692e(2)(A) and Cal. Civ. Code § 1788.17 by falsely representing the character, the amount and legal status of the fraudulent debt in connection with collection of Plaintiff's alleged debt. (¶ 49.) Through this conduct, defendants violated 15 U.S.C. § 1692e(8) and Cal. Civ. Code § 1788.17 by communicating credit information which was known or should have been known to be false in connection with Plaintiff's alleged debt. (¶ 50.)

"Defendants" also violated 15 U.S.C. § 1692f and Cal. Civ. Code § 1788.17 by using unfair and unconscionable means to collect Plaintiff's alleged debt. (¶ 51.) "Defendants" also violated 15 U.S.C. § 1692f(1) and Cal. Civ. Code § 1788.17 by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law and, further, violated Cal. Civ. Code § 1785.25a by furnishing information to credit reporting agencies the "defendants" knew or should have known was inaccurate. (¶¶ 52-53.)

To date, false derogatory remarks remain on Plaintiff's credit report. Due to "defendants'" failure to investigate, "defendants" failed to update Plaintiff's credit file with the correct information and continued to report inaccurate information in violation of the Fair Credit Reporting Act. (¶¶ 54-55.) Further, "defendants" fail to take reasonable procedures to assure maximum accuracy of information concerning Plaintiff's credit file. (¶ 56.)

Additionally, defendants have made multiple credit inquiries to Plaintiff's

credit report. Since Plaintiff has not requested credit with "said defendants," Plaintiff believes that these inquiries occurred as a result of the identity theft as well and same fall outside the scope of any permissible use of or access in violation of 15 U.S.C. § 1681b. (¶¶ 57-60.) "Defendants'" inquiries are not justified as a "firm offer of credit" under the Fair Credit Reporting Act. (¶ 61.) Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692f, 1692f(1) and Cal. Civ. Code § 1788.17.

The complaint then sets forth five counts incorporating the general allegations and alleging in conclusory terms that the "defendants" were in violation of the various statutory references.

## II. DISCUSSION

### A. Standards Governing Motions to Dismiss Under FRCP 12(b)(6).

Plaintiff's claims must meet the standards of pleading enunciated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), which require "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Caviness v. Horizon County Learning Center, Inc., 590 F.3d 806, 812 (9th Cir. 2010). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Caviness, 590 F.3d at 812. "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678; Thus, "the Court need not accept as true legal conclusions." Iqbal, 556 U.S. at 678. "Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Caviness, 590 F.3d at 812. "[B]are assertions" and "bald allegations" are rejected because "the allegations are conclusory and not entitled to be assumed true." Iqbal, 556 U.S. at 681. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility

of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." <u>Iqbal</u>, 556 U.S. at 679.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." <u>Iqbal</u>, 556 U.S. at 678; <u>Twombly</u>, 550 U.S. at 557.  Where a complaint names multiple defendants, the pleader cannot simply group the defendants together in a claim without some specification as to which defendant is responsible for which wrong.  <u>Bank of America, N.A. v. Mr. Knight</u>, 725 F.3d 815, 818 (7th Cir. 2013).

B.  **<u>Plaintiff Has Failed to State Any Claim With Any Degree of Plausible Particularity Required Under Rule 8(a)</u>.**

Plaintiff's complaint does not come close to meeting these standards.  The complaint is a paradigm example of a pleading with just "labels" and "conclusions" with no factual information to tell any defendant, let alone Citibank, what it has to defend.  There are no facts pled showing when the alleged obligation was reported, what obligation was reported, when she discovered it was being reported, and when she contacted Citibank about it.

### III.  <u>CONCLUSION</u>

For the foregoing reasons, the motion to dismiss the complaint should be granted in its entirety.

DATED:  January 23, 2015

FRANDZEL ROBINS BLOOM
  & CSATO, L.C.
THOMAS M. ROBINS III
TRICIA L. LEGITTINO


By:  */s/ Thomas M. Robins III*
    THOMAS M. ROBINS III
    Attorneys for Defendant, Citibank, N.A.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

## PROOF OF SERVICE

I, the undersigned, declare and certify as follows:

I am over the age of eighteen years, not a party to the within action and employed in the County of Los Angeles State of California. I am employed in the office of Frandzel Robins Bloom & Csato, L.C., members of the Bar of the above-entitled Court, and I made the service referred to below at their direction. My business address is 6500 Wilshire Boulevard, Seventeenth Floor, Los Angeles, California 90048-4920.

On **January 23, 2015**, I served true copy(ies) of the **NOTICE OF MOTION AND MOTION OF DEFENDANT, CITIBANK, N.A. TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**, the original(s) of which is(are) affixed hereto. to the party(ies) on the attached service list.

☒ **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

Matthew M Loker    ml@kazlg.com

Joseph A Escarez    jescarez@seyfarth.com, mtorres@seyfarth.com

Marcos Daniel Sasso    jstrickland@stroock.com, msasso@stroock.com, lacalendar@stroock.com

Brett D Watson    bwatson@pldlawyers.com, lgibbons@pldlawyers.com

Donald E Bradley    d.bradley@mpglaw.com, a.yusay@mpglaw.com

Tricia L Legittino    bwilson@frandzel.com, efiling@frandzel.com, tlegittino@frandzel.com

Katherine A Klimkowski    vswanson@jonesday.com, ecfirvinenotifications@jonesday.com, dhansen@jonesday.com, epete@jonesday.com, kalimkowski@jonesday.com

Scott M Pearson    laxdocket@seyfarth.com, spearson@seyfarth.com, mtorres@seyfarth.com

Thomas P Quinn    jmaston@nokesquinn.com, tquinn@nokesquinn.com

Alan S Petlak    chernine@ballardspahr.com, petlaka@ballardspahr.com

Sonya D Paskil    ecamanag@pldlawyers.com, spaskil@pldlawyers.com

Joshua B Swigart    hydeswigart@pacernotice.com, josh@westcoastlitigation.com, ecf@westcoastlitigation.com

Seyed Abbas Kazerounian    ak@kazlg.com

I certify under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on January 23, 2015, at Los Angeles, California.

_____
Annette Chase

1688474.1 | 019930-0490

6

NOTICE OF MOTION AND MOTION OF DEFENDANT, CITIBANK, N.A. TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES