**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (249203)
ak@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone:   (800) 400-6808
Facsimile:    (800) 520-5523

*Attorneys for Plaintiff,*
Jenifer Kaplan

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone:   (619) 233-7770
Facsimile:    (619) 297-1022

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JENIFER KAPLAN,**<br><br>                Plaintiff,<br><br>        v.<br><br>**CAPITAL ONE BANK (USA) N.A.;  CITIBANK, N.A; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC;**<br><br>                Defendants. | **Case No.:** CV14-8875 ODW (PLAx)<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.    **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>II.   **THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;**<br><br>III.  **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.;**<br><br>IV.  **CALIFORNIA CIVIL CODE § 1798.92, ET SEQ.; AND,**<br><br>V.   **NEGLIGENCE**<br><br>**JURY TRIAL DEMANDED** |

*First Amended Complaint For Damages*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. JENIFER KAPLAN ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of CAPITAL ONE BANK (USA) N.A. ("Capital One" or "Defendants"); CITIBANK, N.A. ("Citibank" or "Defendants"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax" or "Defendants"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendants"); and, TRANS UNION LLC ("Trans Union" or "Defendants")

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5.  While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6.  Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7.  Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8.  Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

9.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (ii) Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA"); (iii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq.; (iv) California Civil Code §§ 1798-92, et seq.; and, (v) negligence.

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

11. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") is no longer at issue since the disputes with Defendants subject to the FDCPA have been resolved. *See* ¶¶ 34-37 of this First Amended Complaint.

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

### PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California, from whom various debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3); Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

15. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

16. Defendant Capital One is a corporation incorporated in the State of Virginia.

17. Defendant Citibank is company operating in the State of California.

18. Defendant Equifax is a limited liability company incorporated in the State of Georgia.

19. Defendant Experian is a corporation incorporated in the State of Ohio.

20. Defendant Trans Union is a limited liability company incorporated in the State of Delaware.

///

///

///

---

**FIRST AMENDED COMPLAINT FOR DAMAGES**                    PAGE 3 OF 21

21. Capital One; and, Citibank are furnishers of information as contemplated by FCRA sections 1681s-2(a) & (b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

22. Plaintiff is informed and believes, and thereon alleges, that Defendants, aside from the credit bureaus, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

23. Defendants Equifax; Trans Union; and, Experian are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

25. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

26. Defendants, aside from the credit bureaus, are each a "claimant" as that term is defined by California Civil Code § 1798.92(a).

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## STATUS OF DEFENDANTS

27. Following months of settlement discussions, Plaintiff has been able to amicably resolve Plaintiff's respective disputes with many of the defendants identified herein.

28. As such, the remaining defendants are: Capital One Bank (USA) N.A.; Citibank, N.A.; Equifax Information Services, LLC; Experian Information Solutions, Inc.; and, Trans Union LLC.

29. For the sake of clarity, Plaintiff will discuss each of the remaining Defendants' violations in turn following the General Factual Allegations section.

## GENERAL FACTUAL ALLEGATIONS

30. At all times relevant, Plaintiff is an individual residing within the State of California.

31. In 1999, Plaintiff's purse containing Plaintiff's driver's license; credit cards; debit cards; social security card; and, checkbooks was stolen while Plaintiff was working.

32. Unbeknownst to Plaintiff, the thief used Plaintiff's identity without Plaintiff's permission to open various lines of credit and emptied Plaintiff's bank accounts.

33. As a result, Plaintiff reported this illegal activity to the Austin Police Department, case number 99-4677783 and warned Plaintiff's bank of the fraudulent activity.

34. Despite Plaintiff's proactive activity, Plaintiff did not identify all instances of fraud. Thus, a warrant was issued for Plaintiff's arrest due to fraudulent checks and other illegal conduct of the person that stole Plaintiff's identity.

35. In February 1999, Plaintiff was arrested one evening while driving home for work due to the warrant that was issued for Plaintiff. Since Plaintiff did not have family close by, Plaintiff was forced to stay in jail overnight for a crime

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

that Plaintiff did not commit.

36. As a result of this arrest, Plaintiff was forced to take a check writing class by the State of Texas intended only for those individuals actually guilty of writing bad checks.  Here, said crime was fraudulently committed by the thief in Plaintiff's name but Plaintiff committed no such crime.

37. Since 1999, Plaintiff has utilized the services of various attorneys and credit repair companies in an attempt to remedy identity theft that occurred approximately fifteen years ago.  However, the theft was so pervasive, Plaintiff was permitted by the County of Los Angeles to change Plaintiff's social security number as well as Plaintiff's driver's license number.

38. Notwithstanding these years of fighting, Plaintiff still suffers harassing collection efforts by Defendants through telephone calls; demeaning collection letters; and, horrible credit due to debts that Plaintiff did not incur.

39. Said harassment has also caused Plaintiff issues at Plaintiff's place of employment, including missing days to address the issues as alleged herein.

40. Prior to being forced to file this action, Plaintiff repeatedly informed each of the Defendants that the accounts Defendants were attempting to collect upon were all fraudulently obtained by an unknown third party.

41. In so doing, Plaintiff provided an abundance of documentation to establish that the accounts at issue were fraudulent, including a police report and notarized handwriting samples.

42. Plaintiff has also informed the credit bureaus that Plaintiff's social security number has been changed. However, the credit bureaus continue to erroneously report Plaintiff's old social security number which has numerous fraudulent accounts associated with it.  As a result, Plaintiff has continued to suffer substantial harm due to this erroneous reporting.

///

///

43. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety that had to be treated by a medical professional.   Despite this knowledge, Defendants continued to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

44. As a result of Defendants' action and inaction, Plaintiff has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

45. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

### FACTUAL ALLEGATIONS RE: CAPITAL ONE BANK (USA) N.A.

46. In or about 2010, an imposter opened an account with Capital One on behalf of Plaintiff without Plaintiff's knowledge and/or consent.

47. Thereafter, Capital One engaged in collection activity against Plaintiff by sending Plaintiff multiple written communications and telephone calls to collect this fraudulent debt.  In addition, Capital One also reported Plaintiff's alleged debt to the credit bureaus as an outstanding obligation.

48. In response to said collection activity, Plaintiff sent Capital One documentation, including a police report, to prove that the alleged debt sought by Capital One was incurred as the result of identity theft.

49. Despite receipt of this information, Capital One continued collection activity with regard to this fraudulent account and has continued to report the alleged debt on Plaintiff's credit report.

50. Feeling hopeless, Plaintiff determined that Plaintiff's only option to close the fraudulent account was to pay Capital One for the debts incurred by an unknown third party.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

51. Capital One confirmed receipt of this payment via written communication dated May 22, 2013.

52. Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports. However, said goods and/or services were denied to Plaintiff due in part to the Capital One tradeline on Plaintiff's credit reports.

53. Said tradeline has affected Plaintiff negatively due to the reporting of multiple delinquencies and an eventual charge off of the Capital One account. Moreover, Capital One has also failed to report to the bureaus that the Capital One account at issue was incurred as the result of identity theft.

54. Due to the adverse actions as a result of the Capital One account being reported to the bureaus, Plaintiff disputed the Capital One account with each bureau in late 2013. Said dispute explicitly informed the credit bureaus that the Capital One account was opened due to fraudulent activity and should be removed from Plaintiff's credit report.

55. Experian and Trans Union eventually removed the mark from Plaintiff's credit report; however, Capital One verified the information with Equifax. As such, Capital One continues to inaccurately report credit information despite receipt of sufficient information to establish that the account at issue is fraudulent.

56. Through this conduct, Capital One violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Capital One violated Cal. Civ. Code § 1788.17.

57. Through this conduct, Capital One violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus,

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Capital One violated Cal. Civ. Code § 1788.17.

58. Through this conduct, Capital One violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Capital One violated Cal. Civ. Code § 1788.17.

59. Through this conduct, Capital One violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Capital One violated Cal. Civ. Code § 1788.17.

60. Through this conduct, Capital One violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Capital One violated Cal. Civ. Code § 1788.17.

61. Through this conduct, Capital One has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Capital One knew or should known was inaccurate.

62. Due to Capital One's failure to investigate, Capital One failed to update Plaintiff's credit file with the correct information and continues to report inaccurate information in violation of the FCRA.

63. In addition, Capital One's continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

**FACTUAL ALLEGATIONS RE: CITIBANK, N.A. ACCOUNT NUMBER 4003450****

64. In or about 2007, an imposter opened an account at RadioShack on behalf of Plaintiff without Plaintiff's knowledge and/or consent. This account was financed by Citibank and assigned Citibank account number 4003450****.

65. Thereafter, Citibank engaged in collection activity against Plaintiff by sending Plaintiff multiple written communications and telephone calls to collect this fraudulent debt. In addition, Citibank also reported Plaintiff's alleged debt to the credit bureaus as an outstanding obligation.

66. In response to said collection activity, Plaintiff sent Citibank documentation, including a police report, to prove that the alleged debt sought by Citibank was incurred as the result of identity theft.

67. Despite receipt of this information, Citibank retained Hunt & Henriques to file a collection action against Plaintiff on March 16, 2010 entitled *Citibank (South Dakota) N.A. v. Jennifer B. Kaplan* in the Glendale Superior Court, case no.: 10C03145 ("the Collection Action").

68. As a result of the lawsuit, Plaintiff was required to retain the Law Offices of John Fu to defend Plaintiff in Citibank's Collection Action.

69. Thereafter, Mr. Fu tenaciously defended Plaintiff for more than a year up to the trial date of May 25, 2011.

70. Only after months of discovery and continued disputes did Citibank agree to dismiss the Collection Action in lieu of proceeding with trial.

71. As a result of this dismissal, Plaintiff believed that Citibank would refrain from future collection activity with regard to this account, including deletion of the account from Plaintiff's credit reports.

72. Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports. However, said goods and/or services were denied to Plaintiff due in part to the Citibank's tradeline on Plaintiff's credit reports.

73. Said tradeline has affected Plaintiff negatively due to the reporting of multiple delinquencies and an eventual charge off of the Citibank account. Moreover, Citibank has also failed to report to the bureaus that the Citibank account at issue was incurred as the result of identity theft.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

74. Due to the adverse actions as a result of the Citibank account being reported to the bureaus, Plaintiff disputed the Citibank account with each bureau in late 2013.  Said dispute explicitly informed the credit bureaus that the Citibank account was opened due to fraudulent activity and should be removed from Plaintiff's credit report.

75. Experian and Equifax eventually removed the Citibank mark from Plaintiff's credit report; however, Citibank verified the information with Trans Union. As such, Citibank continues to inaccurately report credit information despite receipt of sufficient information to establish that the account at issue is fraudulent.

76. Through this conduct, Citibank violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citibank violated Cal. Civ. Code § 1788.17.

77. Through this conduct, Citibank violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citibank violated Cal. Civ. Code § 1788.17.

78. Through this conduct, Citibank violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citibank violated Cal. Civ. Code § 1788.17.

79. Through this conduct, Citibank violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus,

Citibank violated Cal. Civ. Code § 1788.17.

80. Through this conduct, Citibank violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law.  This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citibank violated Cal. Civ. Code § 1788.17.

81. Through this conduct, Citibank has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Citibank knew or should known was inaccurate.

82. Due to Citibank's failure to investigate, Citibank failed to update Plaintiff's credit file with the correct information and continues to report inaccurate information in violation of the FCRA.

83. In addition, Citibank's continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

**FACTUAL ALLEGATIONS RE: CITIBANK, N.A. ACCOUNT NUMBER 4004889\*\*\*\***

84. In or about 2008, an imposter opened account number 4004889\*\*\*\* with Citibank on behalf of Plaintiff without Plaintiff's knowledge and/or consent.

85. Thereafter, Citibank engaged in collection activity against Plaintiff by sending Plaintiff multiple written communications and telephone calls to collect this fraudulent debt.  In addition, Citibank also reported Plaintiff's alleged debt to the credit bureaus as an outstanding obligation.

86. In response to said collection activity, Plaintiff sent Citibank documentation, including a police report, to prove that the alleged debt sought by Citibank was incurred as the result of identity theft.

87. Following review of Plaintiff's information, Citibank confirmed via written communication dated May 31, 2013 that Plaintiff was the victim of identity theft and that Citibank would remove account number 4004889\*\*\*\* from

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Plaintiff's credit reports.

88. Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports. However, said goods and/or services were denied to Plaintiff due in part to the Citibank's tradeline on Plaintiff's credit reports.

89. Said tradeline has affected Plaintiff negatively due to the reporting of multiple delinquencies and an eventual charge off of the Citibank account. Moreover, Citibank has also failed to report to the bureaus that the Citibank account at issue was incurred as the result of identity theft.

90. Due to the adverse actions as a result of the Citibank account being reported to the bureaus, Plaintiff disputed the Citibank account with each bureau in late 2013. Said dispute explicitly informed the credit bureaus that the Citibank account was opened due to fraudulent activity and should be removed from Plaintiff's credit report.

91. Experian and Trans Union eventually removed the Citibank mark from Plaintiff's credit report; however, Citibank verified the information with Equifax. As such, Citibank continues to inaccurately report credit information despite receipt of sufficient information to establish that the account at issue is fraudulent.

92. Through this conduct, Citibank violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citibank violated Cal. Civ. Code § 1788.17.

93. Through this conduct, Citibank violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of the fraudulent debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus,

Citibank violated Cal. Civ. Code § 1788.17.

94. Through this conduct, Citibank violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citibank violated Cal. Civ. Code § 1788.17.

95. Through this conduct, Citibank violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citibank violated Cal. Civ. Code § 1788.17.

96. Through this conduct, Citibank violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Citibank violated Cal. Civ. Code § 1788.17.

97. Through this conduct, Citibank has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Citibank knew or should known was inaccurate.

98. Due to Citibank's failure to investigate, Citibank failed to update Plaintiff's credit file with the correct information and continue to report inaccurate information in violation of the FCRA.

99. In addition, Citibank's continued illegal collection actions and continued reporting on Plaintiff's credit reports after failing to conduct a reasonable investigation into Plaintiff's identity theft claims violate Cal. Civ. Code § 1798.92 et seq.

**FACTUAL ALLEGATIONS RE: EQUIFAX; EXPERIAN; AND, TRANS UNION**

100. As discussed herein, Plaintiff has repeatedly provided sufficient information to the credit bureaus to delete inaccurate information on Plaintiff's credit reports.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

101. Despite receipt of this information, Equifax; Experian; and, Trans Union ("the Credit Bureaus") repeatedly disregarded Plaintiff's disputes without fully investigating each dispute.

102. In addition, the Credit Bureaus have also refused to update and/or delete references to Plaintiff's old social security number.  As discussed in ¶ 44 of this First Amended Complaint, Plaintiff was issued a new social security number since the identity theft that took place was so pervasive and detrimental to Plaintiff.  Thus, the Credit Bureaus' continued refusal to update and/or delete Plaintiff's social security number has prolonged the damages to Plaintiff by continuing to attribute the fraudulent debts to Plaintiff and Plaintiff's social security number.

103. Due to the Credit Bureaus' failure to investigate, the Credit Bureaus failed to update Plaintiff's credit file with the correct information and continue to report inaccurate information in violation of the FCRA.

104. Through this conduct, the Credit Bureaus violated 15 U.S.C. § 1681e by failing to utilize reasonable procedures to assure maximum accuracy of information concerning Plaintiff's credit file.

105. In addition, the Credit Bureaus have repeatedly permitted creditors and/or debt collectors to inquire as to Plaintiff's creditworthiness without actual authority to do so.

106. Through this conduct, the Credit Bureaus violated 15 U.S.C. § 1681b which delineates the only permissible uses of, or access to, consumer reports and said inquiries described herein, without Plaintiff's consent, fall outside the scope of any permissible use or access included the FCRA.

107. Similarly, the Credit Bureaus also violated 15 U.S.C. § 1681b by furnishing a consumer report to unauthorized parties.

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

### [AGAINST CAPITAL ONE; AND, CITIBANK ONLY]

108. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

109. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

110. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from both Capital One; and, Citibank individually.

### COUNT II

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. §§ 1681-1692x (FCRA)

### [AGAINST ALL DEFENDANTS]

111. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

112. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

113. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

///

---

114. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

### COUNT III

### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### CAL. CIV. CODE § 1785.1, ET SEQ.

### [AGAINST ALL DEFENDANTS]

115. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

116. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

117. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

118. Because Defendants are each a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).  Since Defendants received all documents required to determine the fraudulent nature of Plaintiff's alleged debts, Defendants should have known that the accounts at issue did not belong to Plaintiff.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

## COUNT IV

### VIOLATIONS OF CAL. CIV. CODE § 1798.92-1798.97

### [AGAINST ALL DEFENDANTS]

119. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

120. The foregoing acts and omissions constitute numerous and multiple violations of the Cal. Civ. Code § 1798.92, including but not limited to each and every one of the above-cited provisions of Cal. Civ. Code § 1798.92.

121. As a result of each and every violation of Cal. Civ. Code § 1798.92, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); statutory damages in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## COUNT V

### NEGLIGENCE

### [AGAINST ALL DEFENDANTS]

122. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

123. Plaintiff believes and thereon alleges that Defendants owed various duties to Plaintiff pursuant to the statutes described herein.  Specifically, Capital One; and, Citibank owed a duty to Plaintiff with regard to their manner of debt collection practices.  Moreover, the Credit Bureaus owed a duty to Plaintiff to maintain accurate credit reports.

124. Defendants breached Defendants' respective duties by engaging in the acts described herein each in violation of the statutes alleged herein.

125. Plaintiff asserts that Defendants are each the actual and legal cause of Plaintiff's injuries.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

126. Plaintiff believes and thereon alleges that as a proximate result of Defendants' negligence, Plaintiff has suffered severe emotional distress.

127. In addition, Plaintiff further alleges that as a proximate result of the negligence of Defendants, Plaintiff was required to and did seek doctors for medical examination and treatment and did incur medical and incidental expenses.

128. Due to nearly fifteen years of violations, Plaintiff asserts that Defendants breached Defendants' respective duties in an oppressive, malicious, despicable, gross and wantonly negligent manner.  As such, said document demonstrates Defendants' conscious disregard for Plaintiff's rights and entitled Plaintiff to recover punitive damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1798.93(c)(5);

- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- An award of statutory damages of $30,000 pursuant to Cal. Civ. Code § 1798.93(c)(6).
- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;
- An award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- General damages according to proof;
- Special damages according to proof;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

- Loss of earnings according to proof;
- Costs of suit incurred herein;
- Punitive damages according to proof as to the First Cause of Action against Defendants; and,
- Any and all other relief the Court deems just and proper.

### TRIAL BY JURY

129. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 2, 2015                                Respectfully submitted,

KAZEROUNI LAW GROUP, APC

By: ___/s/ Matthew M. Loker___
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626